Filed 8/6/26  Nguyen v. Han CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TU A WINN NGUYEN, | G065197 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 30-2024-01387692) |
| QUANG HAN, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge. Affirmed.

Tu A Winn Nguyen, in pro. per., for Plaintiff and Appellant.

Law Offices of Van Tran and Van Tran for Defendant and Respondent.

Tu A Winn Nguyen appeals from the trial court's judgment in favor of Quang Han. After Han defaulted, the court held a prove-up evidentiary hearing and determined Nguyen failed to state a cause of action for defamation and was not entitled to recover any damages. Nguyen argues the judgment must be reversed because the court improperly ignored evidence of damages. We disagree and affirm the judgment.

PROCEDURAL HISTORY

Our review is hampered by the sparse record submitted by Nguyen. The entire record consists of a 27-page clerk's transcript. In terms of substantive documents, it includes primarily the judgment and the trial court's January 16, 2025 minute order.

Nonetheless, from what we can glean, the complaint in this action was filed on March 25, 2024. In Nguyen's opening brief, Nguyen characterizes this case as "a civil action alleging defamation and related misconduct" by Han. This description is confirmed by the trial court's minute order resolving the claims below, which describes the allegations in the complaint as follows:[1] "The Complaint alleges only that: (1) [Han] 'sees this as an opportunity and speaks out defamation, smear and invent many unreal stories ... aimed at making defamation more effective and valuable.' [ellipses in original]; (2) 'After days of posting on Facebook, many defamation repeated only defamation and fabrications about the accusation, many advised not to take a Communist hat or libel, but [Han] continued'; and (3) 'The defamation and assertion of [Nguyen] is Communist, in addition to financial matters, also important for [Nguyen's] life safety and family'. (Complaint, at ¶¶ 2, 3, &

[1] We include the trial court's description of the allegations without correcting typographical and grammatical errors in the original quoted materials.

2

6.)" While we cannot confirm the accuracy of this description, it is the most detailed account of the allegations in the record.[2]

From the trial court's minute order included in the record, it appears Han did not respond to the complaint and the court entered default. Nguyen filed a statement of damages, which he failed to include in this record. The court scheduled a default prove-up hearing. Han did not appear at the hearing, and the court heard testimony from Nguyen with the aid of a Vietnamese language interpreter. The court took the matter under submission and stated it would rule by minute order.

The trial court's minute order directed that judgment be entered for Han. The court explained it could not reach the issue of damages unless the complaint first stated a cause of action. Based on the allegations set forth above, the court concluded Nguyen failed to state a cause of action because the allegations "appear[ed]" to be time-barred and the complaint failed to identify the words constituting the alleged libel. The court focused on the latter reason and explained, because the complaint did not include the actual language of the allegedly defamatory statement or statements, Nguyen did not establish falsity or that the statement or statements were indeed defamatory. The court did not address damages, or any evidence or testimony provided by Nguyen.

## DISCUSSION

Nguyen argues once the default was entered, liability was "conclusively" established and the trial court improperly ignored the

---

[2] On this point, the "statement of facts" in Nguyen's opening brief lacks record citations and provides *in full*: "[Nguyen] presented evidence showing [Han] made false statements that harmed [Nguyen's] reputation and business interests. [Nguyen] submitted documents and testimony supporting falsity, publication, fault, and damages."

unrebutted evidence of damages. We conclude otherwise and affirm for two reasons: (1) the court based its ruling on its analysis of the complaint and did not need to consider the issue of damages; and (2) Nguyen did not include the complaint in the record so any argument beyond the record before us is waived.

## I.

### NO ERROR IS APPARENT ON THE RECORD SUBMITTED

Contrary to Nguyen's contention, liability is not established by the default itself. Rather, a default only confesses properly pleaded facts and "if the well-pleaded allegations of the complaint do not state any proper cause of action, the default judgment in the plaintiff's favor cannot stand." (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282 (*Kim*).) Consequently, the complaint "must be examined." (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 900.) In so doing, the court is required to "act as gatekeeper, ensuring that only the appropriate claims get through." (*Kim*, at p. 272.)[3]

The trial court applied the appropriate analysis, reviewing the sufficiency of the complaint before considering the issue of damages. (*See Kim, supra*, 201 Cal.App.4th at pp. 282–286 [engaging in a detailed analysis of each cause of action before considering proof of damages].) The elements of a claim for defamation are: "'"(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."'" (*Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 763.)

---

[3] We note Nguyen's reliance on *Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357 is misplaced. The *Johnson* court acknowledged a trial court may not ignore evidence of damages "*where a cause of action is stated* in the complaint" and the evidence does not exceed "that demanded in the complaint." (*Id.* at pp. 361–362.)

As the court explained, "The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." (*Kahn v. Bower* (1991) 232 Cal.App.3d 1599, 1612, fn. 5.) The statute of limitations for a defamation cause of action is one year. (Code Civ. Proc., § 340, subd. (c).)

While we do not have the complaint, the trial court explained the statement or statements at issue were alleged to have been made in August 2020. Nguyen does not argue otherwise. The action was filed in 2024. Accordingly, on the record before us, the court was correct to note the claims appeared time-barred. (Code Civ. Proc., § 340, subd. (c).)

The trial court also concluded Nguyen failed to state a claim sufficient to support an award of damages. Based on the court's description in its minute order, it appears the statement or statements at issue implicated claims Nguyen was "Communist" and other "financial matters." No other details are apparent on the record and Nguyen does not set forth the alleged defamatory statement or statements in any of the briefing.[4] Accordingly, based on our review of the limited record before us, the court was correct to

---

[4] The trial court noted an allegedly defamatory statement does appear in Nguyen's statement of damages. We do not have this document in the record before us, but the court explained the statement was in Vietnamese and accompanied by a "Google Translate" version in English. Assuming this to be the case, the court correctly concluded it could not consider this statement because the translation was not certified under oath by a qualified interpreter. (Cal. Rules of Court, rule 3.1110(g).) Additionally, the alleged defamatory statement or statements were not set forth in the complaint. (See *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1182 [the "'court cannot allow a plaintiff to prove different claims or different damages at a default hearing than those pled in the complaint'"].)

conclude Nguyen did not state a cause of action.[5] Because the court's ruling was based on its determination that Nguyen did not state a cause of action, the court properly acted as a "gatekeeper," and did not reach any issue beyond the sufficiency of the allegations. (*Kim, supra*, 201 Cal.App.4th at p. 272.) Thus, Nguyen's contention the court ignored unrebutted evidence of damages is irrelevant. (*See id*. at p. 286 ["Because Kim's complaint does not state any cognizable cause of action against defendants, it does not support any judgment in his favor"].)

## II.

### ARGUMENTS UNSUPPORTED BY THE RECORD ARE FORFEITED

Inasmuch as Nguyen intends to argue the trial court's analysis of the complaint was incorrect based on allegations or evidence not included in this record, we consider those arguments waived. It "is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.) It is the appellant's burden to provide a record adequate to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) If "the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or

---

[5] While some decisions have noted "that the word 'Communist' has some real sting in the Vietnamese community in Orange County, California," (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 850), based on the record here, the alleged statement regarding communism was not sufficiently set forth. (See *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 868 ["Plaintiff's original complaint unequivocally asserted defendant's statement that she was a 'Communist' was 'false'"].) Additionally, Nguyen does not directly raise the significance of communism in the local community.

order is correct, and on that basis, affirm." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.) These principles apply equally to attorney and self-represented litigants, and Nguyen is "not exempt from the foregoing rules." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984 [self-represented litigants are not entitled to "exceptionally lenient treatment"].)

The record does not include the complaint, and our analysis is based on the court's discussion of the allegations. In his designation of the record, Nguyen initially wrote "complaint" as an additional document to be included with the clerk's transcript but crossed it out. We can infer that Nguyen's decision to cross out "complaint" means Nguyen affirmatively did not wish to include the complaint as part of the record. Accordingly, any argument based on allegations or evidence not included in this record is waived.

## DISPOSITION

The judgment is affirmed. In the interest of justice, no costs are awarded.


MOTOIKE, P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.

7